**CLD-218**                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1720
_____

MICHAEL ALAN CROOKER,

Appellant

v.

WARDEN, FCI LORETTO

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 10-cv-00051)
District Judge:  Honorable Kim R. Gibson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 10, 2010

Before:  BARRY, FISHER and GREENAWAY, Circuit Judges.

(Filed:  July 9, 2010)
_____

OPINION
_____

PER CURIAM

Appellant, a federal prisoner proceeding *pro se*, appeals the District Court order denying his petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] Because the appeal does not present a substantial question, we will summarily affirm. See 3d Cir. LAR 27.4; 3d Cir. IOP 10.6.

In February 2010, Crooker filed a petition under § 2241 alleging that, as a prisoner at FCI Loretto, he had been improperly sanctioned for violating BOP disciplinary rules, but was exonerated after an administrative appeal. Crooker claimed that he intended to file a suit for damages under 28 U.S.C. § 1495 – the unjust conviction statute – and sought from the District Court a "certificate of innocence," as provided for by 28 U.S.C. § 2513. The District Court denied the request over Crooker's objections, reasoning that Crooker's suit would be frivolous because a reversed disciplinary sanction does not amount to a reversed conviction that would provide the basis for a suit under § 1495, and that the District Court lacked authority to issue a "certificate of innocence."

A person who intends to file a suit under § 1495 must demonstrate that his conviction was reversed, and "[p]roof of the requisite facts shall be by a certificate *of the court* or pardon wherein such facts are alleged to appear. . . ." § 2513(b) (emphasis

---

[1] We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. In determining whether a district court properly denied a petition for habeas corpus brought pursuant to 28 U.S.C. § 2241, we exercise plenary review over the district court's legal conclusions and apply a clearly erroneous standard to its factual findings. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002).

2

added).  In denying the petition, the District Court reasoned that because Crooker's disciplinary sanction was set aside by an administrative appeals board, the plain language of § 2513 permitted only that board to issue a certificate of innocence.  We agree.

In his objections, Crooker argued that the District Court had the authority to issue a certificate of innocence, and cited Roberson v. United States, 124 F. Supp. 857, 861 (Ct. Cl. 1954).  In Roberson, the Court of Claims reasoned – but did not expressly hold – that a District Court had the authority to issue Roberson a certificate of innocence because that court set aside his conviction on a writ of habeas corpus.  See id. at 861-63.  It did not suggest, however, that a District Court may issue a certificate of innocence merely because it entertains a habeas petition.  Thus, Roberson has no bearing on Crooker's case, as the District Court did not set aside his disciplinary sanction.

Because we agree that the District Court could not issue Crooker a certificate of innocence, we need not consider its other reasons for denying his petition.  Accordingly, we will summarily affirm.